## HAMILTON v. HUDSON.

*(Supreme Court, General Term, Second Department.* June 25, 1888.)

PRACTICE IN CIVIL CASES—EXAMINATION OF PARTY BEFORE TRIAL—VACATING ORDER.
The right to examine the opposite party before trial is not absolute, nor is the granting of an *ex parte* order therefor conclusive of the necessity for such order. If, on the hearing, the opposite party shows there is no such necessity, or if it appear that the purposes of the moving party could be better accomplished by motion for bill of particulars or to make more definite and certain, such order may be vacated.

Appeal from special term, Westchester county; J. O. DYKMAN, Justice.

Action by Mary C. Hamilton against Alexander B. Hudson, for breach of a contract for the sale of a lot, and the construction of a house thereon, and to recover back purchase money paid therefor, alleging false representations on the part of defendant as to the price paid for the lot, and the value of the same, and defective construction of the house. Defendant obtained of the county judge an *ex parte* order for the examination of plaintiff before trial, which the supreme court set aside on the hearing. From the latter order defendant appeals.

*Charles H. Young* and *Martin J. Keogh,* for appellant. *Cornelius E. Kene,* for respondent.

PRATT, J. The right to examine the opposite party before trial is not absolute. It depends on the ability of the moving party to show the necessity therefor, and the order as granted *ex parte* is not conclusive that such necessity has been shown. The party opposing has a right to be heard, and if upon such hearing it is made to appear that the supposed necessity does not exist the order originally granted may be vacated. Ordinarily, the motion to vacate will be made to the officer who granted the original order, who may be presumed to be eager to correct any error into which he may have fallen. But it is not obligatory that the motion be made to him. Another may entertain it. We are therefore of opinion that the order appealed from is not erroneous as being without jurisdiction. On the merits we think the order was correct. The false representations as to which the appellant wished to inquire were set out in the pleadings. If not so set out, they could not be proved. *Read* v. *Guano Co.,* 14 N. Y. St. Rep. 560. The alleged defects in the house, concerning which the applicant desired to inquire, could be more appropriately learned by moving for a bill of particulars, or that the complaint be made more definite and certain, which are the usual and ordinary methods of obtaining such precise knowledge of the opposing party's claim as will enable one to meet it upon the trial. We think the appellant mistook his remedy, and that the order appealed from should be affirmed, with costs.